## SUPERIOR COURT
### No. 392
### ARMENTROUT v. CAN-BIT COAL CO et al
Superior Court of Cincinnati
No. 58666

147. BILLS AND NOTES—No parol agreement held to exist to alter liability of indorsers of notes under facts of case—A blank indorsement of a negotiable promissory note cannot be altered by parol evidence—Presentment and protest held to have been waived under facts of this case.

MARX, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

These actions were started in the Superior Court of Cincinnati by Armentrout to recover judgments on three notes against the Can-Bit Coal Co. and others. The plaintiff was president of the coal company. He agreed to supply money to the company as working capital provided the company would give him its notes and the individual defendants, officers of the company, would endorse the same. This was done. When the notes became due plaintiff sued upon them. Default judgment was rendered against the Coal Co. but two of the indorsers contested the same.

The issues of fact involved were: (1) was there any parol agreement varying the liability of the endorser? (2) Was evidence of such parol agreement admissible to vary the liability of the indorsers? (3) Were the indorsers released by the alleged failures to make proper demand, presentments and give notice of dishonor? The defendants maintained that there was an oral understanding to the effect that they were only liable in proportion to their stock interests and that the plaintiff was bound to contribute to the payments of the notes in proportion to his stock interests. In finding for the plaintiff, the Court held:

1. That the evidence was convincing that there was no parol understanding that the liability of each member of the corporation on these notes would be prorated according to his stock holdings.

2. The indorsement in blank of a negotiable instrument constitutes a written contract, which by reason of the Negotiable Instrument Law, is as clear, definite and certain as if the terms were written above the indorsement and such contract cannot be varied, altered or contradicted by parol evidence.

3. The waiver of presentment and notice of protest of a promissory note is affected under the Negotiable Instruments Law of this State, which provides that presentment for payment may be dispensed with by waiver, express or implied, where the indorsers are officers of the corporation who had knowledge at the maturity of the note and knew that there were no funds with which to pay it, and informed the holder of that fact.

Attorneys—Hunt, Bennett & Otter, for Armentrout; Burch & Peters and J. G. DeFosset, for Coal Co.; all of Cincinnati.

### No. 393
### UNION SAV. BANK & TRUST CO. v. AMERICAN EXPRESS CO.
Superior Court of Cincinnati
No. 58,878

951. PRINCIPAL AND AGENT—An agent is not liable for acts of disclosed principal—Where an agent agrees to be liable for the acts of his principal, he is responsible for any losses suffered by contracting party.

MARX, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover back $920.04 from the American Express Company. The Union Savings Bank & Trust Company, as executor of an estate, delivered certain money to the American Express Company for the purchase of steamship tickets from Odessa, Russia, to Cincinnati, Ohio. The Express Company issued a receipt upon the terms that if the Express Company did not procure the tickets the money should be returned. As the Express Company did not deliver the tickets, this action was commenced to recover the money so paid. The American Express Company maintained that it was the agent of the Black Sea Line and that it had turned the money over to this company, and therefore was not liable. In finding the defendant liable, the Court held:

1. An agent acting for a disclosed principal is not liable for the default of that principal.

2. But where an agent expressly agrees to deliver certain goods or return the money, the agent is liable for the amount so received, regardless of whether the agent or principal defaults.

Attorneys—L. H. Freiberg and Cohen, Mack & Hurtig, for Bank & Trust Co.; Maxwell & Ramsey and Frank Graydon, Jr., for Express Co.; all of Cincinnati.